UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------x
                                                      :
KAREN S. NETTLETON                                    :          3:11 CV 1357 (JBA)
                                                      :
V.                                                    :
                                                      :
MICHAEL J. ASTRUE,                                    :
COMMISSIONER OF SOCIAL SECURITY                       :          DATE: FEBRUARY 27, 2012
                                                      :
------------------------------------------------------ x
```

RECOMMENDED RULING ON DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT UNDER
SENTENCE FOUR OF 42 U.S.C. § 405(g) WITH REVERSAL AND REMAND OF THE CAUSE
TO THE DEFENDANT

This action, filed under § 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and

1383(c)(3), as amended, seeks review of a final decision by the Commissioner of Social

Security ["SSA"] denying plaintiff Disability Insurance Benefits ["DIB"].

I.  ADMINISTRATIVE PROCEEDINGS AND FACTUAL BACKGROUND

On July 16, 2001, plaintiff, Karen Nettleton, applied for DIB benefits alleging an onset

date of January 1, 1992. (Dkt. #1, ¶ 6).[1]  Plaintiff's application was denied initially and upon

reconsideration.  (Id. ¶¶ 7-8).  On October 3, 2002, plaintiff filed a request for a hearing

before an administrative law judge, which hearing was held on September 25, 2003.  (Id. ¶

9).  On May 24, 2004, the ALJ issued his decision, finding that plaintiff was not under any

period of disability.  (Id. ¶ 10).  Plaintiff requested review by the Appeals Council, and on

January 7, 2005, the Appeals Council remanded the case for further proceedings.  (Id. ¶ 11).

A hearing was held on November 7, 2005, and on February 21, 2006, the ALJ issued a

decision finding that plaintiff was under a disability as of July 15, 2001, but not prior and not

before plaintiff's date last insured of December 3, 1996.  (Id. ¶¶ 12-13).  Plaintiff requested

---

[1]In light of the procedural posture of this case, defendant did not file an answer, and thus there is no administrative transcript before the Court.

review by the Appeals Council, and on September 14, 2006, the Appeals Council, again, remanded the case to the ALJ for further proceedings.  (Id. ¶ 14).  A hearing was held on January 5, 2007, and on June 14, 2007, the ALJ issued a decision finding plaintiff disabled as of July 16, 2001, but not prior thereto.  (Id. ¶¶ 15-16).  On August 3, 2007, plaintiff requested review by the Appeals Council, which was denied on October 24, 2008, thereby rendering the ALJ's decision the final decision of the Commissioner.  (Id. ¶¶ 17-18).

On December 18, 2008, plaintiff commenced a civil action in this Court, and the case was assigned to Senior United States District Judge Warren W. Eginton, Nettleton v. Astrue, Civ. No. 3:09 CV-93(WWE)["Nettleton I"], referred to Magistrate Judge Holly B. Fitzsimmons (id., Dkt. #29), and subsequently transferred to Senior United States District Judge Dominic J. Squatrito. (Id., Dkt. #30).  On June 21, 2010, Magistrate Judge Fitzsimmons filed a twenty-three page Recommended Ruling, granting in part plaintiff's Motion for Judgment and remanding the case for testimony from a medical advisor to assist in "inferring an onset date" of plaintiff's impairment.  (Id., Dkt. #34, at 22).  On August 30, 2010, Judge Squatrito approved and adopted Magistrate Judge Fitzsimmons' Recommended Ruling, over defendant's objection, and judgment entered the next day.  (Id., Dkts. ##35-37).

On April 7, 2011, the Appeals Council issued a Notice of Appeals Council Action with a proposed decision finding that "the evidence contained in the administrative record is sufficient to support findings and a final decision without remanding the case to the Administrative Law Judge[,]" and found that plaintiff was under a period of disability as of July 16, 2001, but not prior and not before plaintiff's last insured date of December 3, 1996. (Dkt. #1, ¶ 21).  On May 5, 2011, plaintiff filed a Statement of Law and Facts objecting to the proposed decision, but on July 2, 2011, the Appeals Council issued its final decision.  (Id.

¶¶ 22-23).

On August 26, 2011, plaintiff filed her Complaint in this pending action,[2] in which she asserts that the Appeals Council erred in finding that plaintiff was not disabled from January 1, 1992 to July 16, 2001, and that defendant's actions are in violation of the Court's order of August 31, 2010 in <u>Nettleton I</u>.  (Dkt. #1, ¶¶ 25-28).  On September 1, 2011, this case was referred from United States District Judge Janet Bond Arterton to this Magistrate Judge. (Dkt. # 8).  On January 26, 2012, defendant filed the pending Motion for Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant, and brief in support.  (Dkt. #21).  On February 8, 2012, plaintiff filed her brief in opposition in which she joins with defendant in moving for the entry of judgment, but opposes defendant's proposed remand order.  (Dkt. #23).

## II. DISCUSSION

As stated above, and as defendant acknowledges, this case was remanded back to the Commissioner to infer an onset date of disability with the assistance of a medical advisor. (Dkt. #21, Brief at 2; <u>see Nettleton I</u>, Dkts. ##34, 36).  While the Commissioner objected to Magistrate Judge Fitzsimmons' Recommended Ruling, Judge Squatrito approved and adopted said ruling, and the Commissioner did not file any appeal.

Directly contrary to the order of the District Court in <u>Nettleton I</u>, the Appeals Council, on remand, found, <u>inter alia</u>, that the record did not require further medical opinion as directed by the District Court, and after plaintiff filed the present suit contesting the Appeals Council's action, the Commissioner "determined that remand is appropriate" as the Appeals Council's action in "failing to comply with the Court's order was legal error."  (Dkt. #21, Brief

---

[2]Plaintiff commenced this action <u>in forma pauperis</u>.  (Dkts. ##3, 9).

3

at 3-4).  The Commissioner seeks a remand so that a "new ALJ . . . will hold a supplemental hearing at which a medical expert will be asked to testify in compliance with . . . Magistrate Judge[] [Fitzsimmons'] order . . . , which was subsequently approved and adopted . . . ." (Dkt. #21, Brief at 3).  However, defendant also seeks to have the ALJ "fully develop the issue of substantial gainful activity after [p]laintiff's date last insured[,]" which involves revisiting the ALJ's decision at step one of the five-step sequential analysis.  (Id.).

It is well-settled that "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." Sullivan v. Hudson, 490 U.S. 877, 886 (1989)(citations omitted); see Ischay v. Barnhart, 383 F. Supp.2d 1199, 1213-19 (C.D. Cal. 2005)("ALJs have acknowledged throughout the years that the remand instructions they receive from the federal district court are the law of the case.")(emphasis & multiple citations omitted).  Two legal doctrines support this conclusion: the doctrine of the law of the case, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case[,]" Thomas v. Bible, 983 F. 2d 152, 154 (9th Cir.)(citation omitted), cert. denied, 508 U.S. 951 (1993), and the rule of mandate which requires that "on remand, the lower court's actions must be consistent with both the letter and the spirit of the higher court's decision."  Ischay, 383 F. Supp. 2d at 1214 (emphasis in original)(citation omitted).

Defendant now posits that the law of the case doctrine is "not binding[,]" citing Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008)(additional citation omitted),[3] and asks this

---

[3]In Ali, the Second Circuit held:

The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

Court to "use its discretion so that, upon remand, [the Commissioner] may properly evaluate a vital issue in [p]laintiff's case." (Id. at 5-6).   While "in the absence of limiting instructions or court findings, the Commissioner may revisit on remand any issues relating to the application for disability benefits[,]" Thompson v. Astrue, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008)(multiple citations omitted), the remand order in this case was specific and limited its instructions to the ALJ to call a medical expert to elicit testimony regarding plaintiff's onset date.

Defendant now claims that a "vital issue" in this case, namely plaintiff's performance of substantial gainful activity during 1998-2000, must be properly evaluated at step one because failing to do so would result in "manifest injustice" and plaintiff "could be given benefits to which she is not entitled." (Dkt. #21, Brief at 6).   As defendant acknowledges, this was an issue that was presented to the Court in his brief in support of his Motion to Affirm, and in his objection to Magistrate Judge Fitzsimmons' Recommended Ruling.   (Id. at 4-5). The law of the case doctrine does not require an explicit determination of an issue. Calderon v. Astrue, 683 F. Supp. 2d 273, 276 (E.D.N.Y. 2008)(citations omitted).   In this

--------

manifest injustice.

529 F.3d at 490 (internal quotations & citation omitted).  However,

> Under a related doctrine, the power of a trial court to act in any litigation after the issuance of a mandate on appeal is limited by an obligation to do nothing contrary to either the letter or the spirit of the mandate, as explained or elucidated by [judicial] opinion. The Ninth Circuit has explained the interplay between the two doctrines thus: "When acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case." Although the Second Circuit has not addressed the question, numerous other courts have held that these doctrines apply with equal force to administrative proceedings, including Social Security appeals.

Calderon v. Astrue, 683 F. Supp. 2d 273, 276 (E.D.N.Y. 2010)(internal quotations & multiple citations omitted).

case, Magistrate Judge Fitzsimmons' acceptance of the ALJ's finding at step one that plaintiff had not engaged in substantial gainful activity since January 1, 1992 (Nettleton I, Dkt. #34, at 12), established, "by necessary implication[,]" the law of the case at step one. Calderon, 683 F. Supp. 2d at 276. Defendant had the right to appeal the decision of this Court when judgment entered in Nettleton I and the case was remanded with the specific limiting instruction related only to step five of the sequential analysis, yet defendant did not file an appeal. Rather, defendant, ignoring the procedural posture of this case, chose to collaterally attack this issue after the Appeals Council committed reversible error in failing to follow the Court's remand order. As stated above, Magistrate Judge Fitzsimmons' determination as to step one is the law of the case, and the Court's mandate was to correct an error in the step-five determination.

## V. CONCLUSION

For the reasons stated above, defendant's Motion to Remand (Dkt. #21) is granted in part such that the decision of the Appeals Council is vacated and the prior order of this Court stands.

The parties are free to seek the district judge's review of this recommended ruling. See 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen calendar days after service of same)**; FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 27th day of February, 2012.

6

_/s/ Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge