UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN S. NETTELTON,<br>    *Plaintiff*,<br>    *v.*<br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br>    *Defendant*. | Civil No. 3:11cv1357 (JBA)<br><br>April 3, 2013 |

**RULING ON DEFENDANT'S MOTION TO REMAND AND ON DEFENDANT'S OBJECTIONS TO THE RECOMMENDED RULING**

On February 27, 2012, Magistrate Judge Margolis issued a Recommended Ruling [Doc. # 24] ("Rec. Ruling"), granting in part Defendant's Motion [Doc. # 21] to Remand. On March 12, 2012 Defendant filed a timely objection [Doc. # 25] to the Recommended Ruling, arguing that Magistrate Judge Margolis erred in remanding the case to the Administrative Law Judge ("ALJ") for only the limited purpose of a re–hearing to solicit medical expert testimony as to the onset date of Plaintiff's disability. For the following reasons, based on a de novo review, Defendant's objection is overruled, and the Recommended Ruling is adopted in full.

**I.    Background**

The complicated factual and procedural background of this action is presented in detail on pages one through three of the Recommended Ruling, which are incorporated by reference herein. Briefly, this action arose out of Plaintiff's challenge to Defendant's determination that she is not entitled to disability insurance benefits. In an earlier litigation, *Nettleton v. Astrue*, No. 3:09cv93, ("*Nettleton I*"), Plaintiff directly contested the Administrative Law Judge's ("ALJ") finding that she was not disabled prior to July 16, 2001. Magistrate Judge Fitzsimmons remanded that action in order for the ALJ to solicit

testimony from a medical advisor as to the onset of Plaintiff's disability (*see Nettleton I*, Rec. Ruling [Doc. # 34]), and Judge Squatrito adopted Magistrate Judge Fitzsimmons's Recommended Ruling over Defendant's objection after a de novo review (*see Nettleton I*, Aug. 30, 2010 Order [Doc. # 36]).  Contrary to the court's order, however, on remand, the Appeals Council reaffirmed the finding that Plaintiff was not disabled prior to July 16, 2001 without soliciting additional testimony from a medical advisor.  (*See* Compl. [Doc. # 1] ¶ 21.)  Plaintiff then commenced this action, asserting that the action taken by the Appeals Council violated the court's order in *Nettleton I*.

The parties agree that the case should be remanded for the purpose of complying with Judge Squatrito's August 30, 2010 Order.  However, Defendant also seeks remand for the additional purpose of re-evaluating the issue of Plaintiff's substantial gainful activity after the date of Plaintiff's last insured.  (*See* Def.'s Mot. Remand [Doc # 21].)  In her Recommended Ruling, Magistrate Judge Margolis found that the ALJ's prior finding that Plaintiff had not engaged in substantial gainful activity since January 1, 1992 was the law of the case, and thus remand for the additional purpose sought by Defendant would be inappropriate.  (*See* Rec. Ruling at 6.)  Additionally, Magistrate Judge Margolis concluded that the case should be remanded for the limited purpose of complying with the original court order in *Nettleton I*.  (*See id.*)

## II.    Discussion[1]

Defendant objects to the Recommended Ruling, arguing that Magistrate Judge Margolis should not have applied the law of the case doctrine in this case, and requests

---

[1] Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.2(b), the portions of the Magistrate Judge's decision objected to by Defendant are reviewed de novo, and any part or the entirety of the Recommended Ruling may be adopted, rejected, or modified.

2

that the Court permit remand for the additional purpose of soliciting testimony as to Plaintiff's substantial gainful activity after her date of last insured.[2]

Defendant concedes that it was legal error for the Appeals Council to disregard the *Nettleton I* remand order. *See Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.") "[D]istrict courts have the power to limit the scope of remand by specifying the actions to be taken by the ALJ." *Thompson v. Astrue*, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008) (citing *Sullivan*, 490 U.S. at 885). "ALJs have acknowledged throughout the years that the remand instructions they receive from the federal district court are the law of the case." *Thompson*, 583 F. Supp. 2d at 475 (quoting *Ischay v. Barnhardt*, 383 F. Supp. 2d 1199, 1214–18 (C.D. Cal. 2005)). "Similarly, the Commissioner is implicitly limited by any findings of the district court regarding the application for disability benefits." *Thompson*, 583 F. Supp. 2d at 475. Thus, Judge Squatrito's August 30, 2010 Order is the law of the case for purposes of this action. *See Calderon v. Astrue*, 683 F. Supp. 2d 273, 276 (E.D.N.Y. 2010) (finding that while the Second Circuit had not addressed the question, the law of the case doctrine applied to Social Security appeals in light of the numerous cases supporting that proposition).

"The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ali v.*

---

[2] Defendant does not object to Magistrate Judge Margolis's determination that the case should be remanded for the purpose of soliciting additional testimony regarding the onset date of Plaintiff's disability.

*Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)). Similarly, the rule of mandate provides that "the power of a trial court to act in any litigation after the issuance of a mandate on appeal is limited by an obligation to do nothing contrary to either the letter or the spirit of the mandate, as explained or elucidated by the opinion." *Goldwyn Pictures Corp. v. Howells Sales Co.*, 287 F. 100, 102 (2d Cir. 1923). "When acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case." *Calderon*, 683 F. Supp. 2d at 276 (quoting *Vizcaino v. United States District Court*, 178 F.3d 713, 719 (9th Cir. 1999)).

Defendant objects to the Recommended Ruling on the grounds that the law of the case doctrine is not binding and should not be applied to limit the remand order in this case because barring the ALJ from considering whether Plaintiff was engaged in substantial gainful activity could create manifest injustice in that Plaintiff might receive benefits to which she is not entitled. Defendant raised this argument at every stage in the litigation in *Nettleton I*, and while the district court did not explicitly address the issue of substantial gainful employment, the law of the case doctrine "applies to all matters decided by necessary implication as well as those addressed directly." *Carrillio v. Heckler*, 599 F. Supp. 1164, 1169 (D.C.N.Y. 1984) (citing *Fogel v. Chestnutt*, 688 F.2d 100, 108 (2d Cir. 1981)). Because the court in *Nettleton I* remanded the case with respect to an error on step five of the analysis, it necessarily upheld the ALJ's finding at step one that Plaintiff had not engaged in substantial gainful activity since January 1, 1992. *See Calderon*, 683 F. Supp. 2d at 276–77 (holding that prior remand on step five implicitly upheld the ALJ step–four determination (quoting *Carrillio*, 599 F. Supp. at 1169.) Thus the August 30, 2010 Order is the law of the case for the purposes of the substantial gainful activity determination at step one of the analysis.

4

The Eastern District of New York's reasoning in *Calderon* is particularly instructive on this issue. In *Calderon*, the district court had previously remanded the case to the ALJ to correct an error on the step-five analysis. *Id.* at 275. However, on remand, the ALJ revisited his step-four determination, and denied the plaintiff's claim on that step, without reaching the issues raised in the remand order. *Id.* at 275–76. The court applied the law of the case doctrine and the rule of mandate to find that it was legal error for the ALJ to reconsider his step-four determination when the district court's prior order provided for a limited remand to address a step-five error. *Id.* at 277. The facts of *Calderon* are on all fours with the circumstances of this case, and the Court is persuaded by the Eastern District of New York's reasoning. Here, but for the Appeals Council's decision to ignore the mandate of the district court, Defendant would not have been able to argue for a reconsideration of the ALJ's step-one determination. Judge Squatrito implicitly upheld the ALJ's finding as to substantial gainful activity, and Defendant failed to appeal that finding. Instead, Defendant now attempts to benefit from the disregard of a prior court order to collaterally attack the ALJ's decision. To permit the reconsideration of this issue on remand would violate the spirit of the district court's mandate in *Nettleton I*. Thus, pursuant to the rule of mandate and the law of the case doctrine, Defendant is bound by the terms of the August 30, 2010 Order, and Defendant's objection to the Recommended Ruling is therefore overruled.

### III. Conclusion

For the foregoing reasons, Defendant's Motion [Doc. # 21] to Remand is GRANTED in part and the Recommended Ruling [Doc. # 24] is ADOPTED in full. The decision of the Appeals Council is vacated and Judge Squatrito's prior August 30, 2010 Order in *Nettleton I* stands. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of April, 2013.